## UNITED STATES v. PEOPLE'S FUEL & FEED CO.

(District Court, D. Arizona. March 30, 1920.)

No. C–1091.

Criminal law &⊃13—Provision of Lever Act against profiteering invalid.

> The provision of Lever Act Aug. 10, 1917, § 4 (Comp. St. 1918, Comp. St. Ann. Sup. 1919, § 3115⅛ff), that "it is hereby made unlawful for any person * * * to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries," *held* invalid as a criminal statute, as providing no standard by which the guilt or innocence of any person charged with its violation may be determined.

Criminal prosecution by the United States against the People's Fuel & Feed Company. On demurrer to indictment. Demurrer sustained. Writ of error dismissed. 254 U. S. ——, 41 Sup. Ct. 448, 65 L. Ed. ——.

Thomas A. Flynn, U. S. Atty., and Joseph M. Holub, Asst. U. S. Atty., both of Tucson, Ariz.

Kingan & Campbell, of Tucson, Ariz., for defendant.

DOOLING, District Judge. The defendant demurs to an indictment which charges that it did—

"feloniously exact, demand, and receive the sum of six dollars as the purchase price of one-half of a load of wood, sold by it to the firm of Richey & Richey, which wood was a necessary, and that said price of six dollars was unjust and unreasonable, in this: That a just and reasonable price for said wood did not exceed the sum of four dollars, and that defendant did then and there make an unjust and unreasonable rate and charge in handling and dealing in and with the said necessary."

The statute under which the indictment is drawn provides:

"That it is hereby made unlawful for any person * * * to make any unjust or unreasonable rate or charge, in handling or dealing in or with any necessaries." Act Aug. 10, 1917, c. 53, § 4, 40 Stat. 276, 277 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ff).

The demurrer challenges the indictment through the law itself, on the ground that the offense is not defined with such certainty as to enable an individual to determine what is, and what is not, forbidden, be-

---

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cause the statute nowhere defines, or furnishes any rule to define, what shall constitute an unjust or unreasonable rate or charge, but leaves that question to be determined without check or guide by the uncontrolled opinion of the court and jury to which shall be submitted any alleged violation of its provisions.

The statute is one arising out of the necessities of the war, and designed for the very laudable purpose of preventing profiteering. Sympathy with its purpose, or approval of its design, however, should not blind us to the facts that no individual can know in advance of a trial and verdict of a jury whether he has violated the statute or not, and that the criminality of his conduct is not fixed by any definition or with any certainty, but is made to depend upon whether a jury may later think that the rate or charge made by him is just or unjust, reasonable or unreasonable.

In upholding a Texas statute which denounced acts which "tended" to bring about prohibited results, or which were "reasonably calculated" to fix and regulate the price of commodities, the Supreme Court of the United States, in Waters-Pierce Oil Co. v. Texas, 212 U. S. 86, 29 Sup. Ct. 220, 53 L. Ed. 417, uses the following language:

"But the Texas statutes in question do not give the broad power to a court or jury to determine the criminal character of the act in accordance with their belief as to whether it is reasonable or unreasonable, as do the statutes condemned in the cases cited."

Among the cases cited to which the language refers is the case of Louisville & Nashville Railway v. Commonwealth, 99 Ky. 132, 35 S. W. 129, 33 L. R. A. 209, 59 Am. St. Rep. 457, which case the Supreme Court described as one—

"in which a railroad was indicted for charging more than a just and reasonable rate, in which it was held that the law was unconstitutional, for under such an act it rests with the jury to say whether a rate is reasonable, and makes guilt depend, not upon standards fixed by law, but upon what a jury might think as to the reasonableness of the rate in controversy."

This language exactly fits the present statute. The guilt or innocence of an individual under it is not made to depend upon standards fixed by law, but upon what a jury might think as to the justice or injustice, the reasonableness or unreasonableness, of rates or charges made by him in handling or dealing with necessaries.

I cannot forecast the action of other courts, but it is my own firm conviction that no one should be put upon trial for an offense so vaguely defined—for an act the criminality of which he has no possible means of measuring in advance, depending not at all upon his own intent to violate the law, but wholly upon the opinion of a jury, based on instructions by a court, which is itself without guide or compass, and where all concerned, defendant, counsel, government, court and jury, may well be at cross-purposes, no one knowing what is just, or what is reasonable, and all disagreeing as to the method by which what is just or reasonable may be, if indeed it can ever be, legally ascertained.

With these views I deem it best to sustain the demurrer, to the end

that they may be reviewed, and, where wrong, corrected by the appellate tribunals, which could not be done, if upon a trial a verdict should be directed for the defendant.

The demurrer will therefore be sustained, and the defendant discharged.